IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:12cr104-MHT |
| PAUL HULSE, SR. | ) | (WO) |

OPINION AND ORDER

Defendant Paul Hulse, Sr. is charged with
fraudulently inducing a bank to make a large loan by
falsely representing himself as a wealthy individual with
significant assets that could be pledged as collateral,
in violation of 18 U.S.C. §§ 1343 (wire fraud), 1344
(financial institution fraud), and 1349 (conspiracy).
This cause is now before the court on the question of
whether Hulse has the mental capacity to stand trial,
that is, whether he is currently suffering from a mental
disease or defect rendering him mentally incompetent to
the extent that he is unable to understand the nature and
consequences of the proceedings against him or to assist
properly in his defense.   See 18 U.S.C. § 4241(a).
During an on-the-record conference yesterday, the parties

agreed to submit the matter to the court for resolution based on the evidence in the record, without an additional evidentiary hearing.

Hulse received a psychiatric evaluation on November 23, 2012, at his residence in Kingwood, Texas, by Dr. Steven Rosenblatt, M.D., a licensed psychiatrist. See 18 U.S.C. § 4241(b). Dr. Rosenblatt's December 10 report on Hulse's competency to stand trial, after the first psychiatric evaluation and review of medical records, was inconclusive. It stated in relevant part:

> "Hulse ... is now clearly able to understand the nature and consequences of the proceedings against him. The issue of whether he can assist properly in his defense, though, is problematic, because he does have evidence of a memory problem, based upon his medical history, prior neuropsychological testing, and current presentation.... [However,] [w]ith [certain] important medical records unavailable, I could only speculate as to prognosis. In essence, then, the question of current competency to assist in his defense cannot be answered based upon the copious, yet incomplete information reviewed."

2

Psychiatric Evaluation submitted by Dr. Steven Rosenblatt, M.D., dated December 10, 2012 (Doc. No. 157, Exh. 1).  However, Dr. Rosenblatt's December 26 report on Hulse, after review of newly obtained records, conclusively determined that Hulse was competent to stand trial.  It stated in relevant part:

> "Concerning Mister Hulse's competency to stand trial, the critical question is only whether his short-term memory loss will prevent him from assisting his attorney in court proceedings, since there is not an issue of understanding the nature and consequences of the proceedings against him.  In my professional opinion, ... his recollection of facts for [the period of time in which Hulse's alleged crime was committed] is unlikely to be impaired....  I do not see that his short-term memory deficit would stand in the way of his competency to assist in his defense. My conclusion, therefore, is that Mister Hulse retains mental competency to stand trial."

Addendum to Psychiatric Evaluation submitted by Dr. Steven Rosenblatt, M.D., dated December 26, 2013 (Doc. No. 157, Exh. 1).

3

Furthermore, defense counsel represented at yesterday's on-the-record conference that he has no reason to question Dr. Rosenblatt's conclusion.

Based upon the psychiatric evaluation and pursuant to 18 U.S.C. § 4241(a), the court concludes that Hulse is not currently suffering from a mental disease or defect such that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

***

Accordingly, it is ORDERED that defendant Paul Hulse, Sr. is declared mentally competent to stand trial in this cause.

DONE, this the 8th day of February, 2013.

                    /s/ Myron H. Thompson
                  UNITED STATES DISTRICT JUDGE