```
     IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

        MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


UNITED STATES OF AMERICA    )
                            )
     v.                     )   CRIMINAL ACTION NO.
                            )      2:12cr104-MHT
PAUL HULSE, SR.,            )          (WO)
STEVEN P. MOCK, and         )
FRANK J. TEERS              )
```

## ORDER

Upon consideration of the recommendation of the United States Magistrate Judge (Doc. No. 116) and the objections filed by defendants Paul Hulse, Sr., Steven P. Mock, and Frank J. Teers; and after an independent and de novo review of the record, including the transcript of the hearing before the magistrate judge, it is the ORDER, JUDGMENT, and DECREE of the court:

(1) That defendants Paul Hulse, Sr., Steven P. Mock, and Frank J. Teers's objections (Doc. Nos. 126, 139, and 152) are overruled;

(2) That the recommendation of the United States Magistrate Judge (Doc. No. 116) is adopted; and

(3) That defendants Hulse, Mock, and Teers's motions to strike (Doc. Nos. 48, 51, and 63) are denied.

***

Defendant Teers styled his filing as both a motion to strike and a motion in limine, and as such, this court must now address the in-limine aspect of Teers's motion. Because the in-limine aspect is substantially similar to the issues covered in the magistrate judge's report and recommendation, the court need only turn to these issues briefly.

The indictment in this case charged the defendants with conspiring to defraud a number of lending institutions. The indictment charges that the defendants solicited a number of potential lenders with fraudulent documents before, eventually, a single bank in Alabama agreed to a loan.

The defendants argue that, contrary to the plain language of the indictment, they have in fact been

2

indicted for conspiring to defraud one bank alone and that, consequently, the allegations of earlier solicitations are superfluous. As the magistrate judge correctly concluded, that is not the case. The earlier solicitations are a core aspect of the conspiracy for which defendants were actually indicted--a conspiracy to defraud whichever lending institution would respond to their solicitations.

For the same reasons the court declines to strike the allegations of solicitations from the indictment, the court also declines to now rule that evidence of those solicitations is inadmissible at trial. However, this denial is without prejudice to other admissibility arguments regarding evidence of the solicitations that may become apparent at trial.

DONE, this the 23rd day of April, 2013.

    /s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**