IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA    ) | |
| ) | |
| v.                          ) | CRIMINAL ACTION NO. |
| ) | 2:12cr104-MHT |
| PAUL HULSE, SR.,            ) | (WO) |
| STEVEN P. MOCK, and         ) | |
| FRANK J. TEERS              ) | |

## LOSS CALCULATION OPINION

### PART I

The court has concluded that, under the circumstances of this case, actual loss is the appropriate loss figure for use in calculating the guidelines range.

First, as the court noted yesterday, it is not appropriate to stack the value of all the potential loans for the purposes of calculating intended loss.  This is because, while the defendants clearly sought out a number of loans, it would be speculative to assume that they intended to take out <u>all</u> of the potential loans.  It may well be that the defendants only sought to take out one loan at a time, and would repay any past loan with funds from the single current loan; indeed, the defendants'

conduct with regard to the loans they actually obtained supports that they did not intend to stack loans.

These circumstances makes the instant case unlike <u>United States v. Manoocher Nosrati-Shamloo</u>, 255 F.3d 1290, 1291 (11th Cir. 2001), cited by the government. In that case, the Eleventh Circuit upheld an intended loss calculation that imputed the total credit limit of fraudulently obtained credit cards as intended loss. It was reasonable to assume that the defendants in that case intended to use each fraudulent card up to the credit limit, independent of the others. Here, it is more likely that the defendants only sought to have only one loan out at a time, using the proceeds to pay off other loans. In any event, it would be speculative to conclude otherwise.

Second, treating the total amount of any loan, or proposed loan, as the intended loss does not reasonably reflect the role of collateral in this case. Defendants took a large portion of the loan proceeds that they

2

actually received and bought collateral.  What portion of any of the potential loans the defendants intended to use to buy collateral and what portion they intended as loss are not clear from the evidence.  So determining what amount of the potential loans would have been intended loss would also be speculation.

Third, it appears the defendants were never remotely close to obtaining any of the other loans.  This is not a situation like a police sting, where the defendant essentially completes the transaction but imposing an actual loss turns out to be impossible.  <u>C.f.</u> USSG § 2B1.1 n. 3(A)(ii).  Instead, with regard to the potential loans the defendants achieved only the very initial steps of imposing a loss, and the court would need to speculate about all the subsequent steps to reach a conclusion about their intended loss.

The court could make a series of guesses to answer these questions, but that would not be a reasonable estimate as the guidelines requires.  The reasonable

approach to loss in this case is to use the actual loss amount.

## PART II

The court has used the following calculation to reach a reasonable estimate of the actual loss in this case:

| ITEM | AMOUNT (ROUNDED TO DOLLAR) | NOTES |
|---|---|---|
| Loan funds disbursed | $68,500,000 | |
| Proceeds from bonds | ($26,363,486) | |
| Proceeds from real estate, insurance, etc. | ($15,141,262) | There was testimony that it was debatable whether several of these items should be credited against loss, but all of them were |
| Legal/collection costs not attributable to criminal case | $4,285,162 | This figure reflects total legal/collection costs minus $100,000 attributable to criminal case |
| TOTAL ACTUAL LOSS | $31,280,414 | |

4

## PART III

The court rejected the following proposed adjustments to the actual loss amount:

| ITEM | AMOUNT (ROUNDED TO DOLLAR) | NOTES |
| --- | --- | --- |
| Purchase price of bonds | $36,000,000 | Proposed by Teers in lieu of what the bank sold bonds for. Rejected by court. See USSG § 2B1.1 n.3(E)(ii) |
| Additional amount bank could have gotten for bonds if "prudent" sale | $9,986,762 | Proposed by Teers. Rejected by court. USSG § 2B1.1 n.3(E)(ii) |
| Accrued interest as of 1/30/09 | $7,859,147 | Proposed by government. Excluded by USSG § 2B1.1 n.3(D)(i) |
| Legal costs attributable to criminal case | $100,000 | Proposed by government (as part of total legal/collection costs). Excluded by USSG § 2B1.1 n.3(D)(ii) |

| | | |
|---|---|---|
| **Interest-only payments made by H&H prior to discovery of the fraud** | $6,806,792 | Proposed by Teers and Mock. Rejected by court. |
| **Loan origination fees** | $450,000 | Proposed by Teers and Mock. Rejected by court. |

\*\*\*

DONE, this the 27th day of November, 2013.

                          /s/ Myron H. Thompson
                        **UNITED STATES DISTRICT JUDGE**