IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA    ) | |
| ) | |
| v.                          ) | CRIMINAL ACTION NO. |
| ) | 2:12cr104-MHT |
| PAUL HULSE, SR.,            ) | (WO) |
| STEVEN P. MOCK, and         ) | |
| FRANK J. TEERS              ) | |

"SOPHISTICATED MEANS" OPINION

Defendant Paul Hulse, Sr., pled guilty to one count of interstate transportation of property obtained by fraud, 18 U.S.C. § 2314, and a jury found defendants Steven P. Mock and Frank J. Teers guilty of one count of conspiracy to commit wire fraud and financial institution fraud, 18 U.S.C. § 1349, six counts of wire fraud, 18 U.S.C. § 1343, and three counts of financial institution fraud, 18 U.S.C. § 1344.  As part of its proposed offense-level calculations under the U.S. Sentencing Guidelines, Probation recommended a two-level increase for each defendant because the offenses "involved sophisticated means." USSG § 2B1.1(b)(10)(C). Probation

cited the following circumstances: (1) the defendants represented Hulse to be wealthy knowing that he was not; (2) the offense spanned over jurisdictions; (3) the offense involved fraudulent documents; and (4) the funds were used for a fraudulent purpose. The government agreed, citing in addition the following circumstances: (5) Teers provided screenshots from the Bloomberg system, to which only a financial advisor like Teers would have access; and (6) Mock lent his credibility as an attorney to the scheme. The court has concluded that the sophisticated-means enhancement is not appropriate in this case.

Sentencing Guideline 2B1.1(b)(10) provides, in full:

> "(10) If (A) the defendant relocated, or participated in relocating, a fraudulent scheme to another jurisdiction to evade law enforcement or regulatory officials; (B) a substantial part of a fraudulent scheme was committed from outside the United States; or (C) <u>the offense otherwise involved sophisticated means</u>, increase by 2 levels. If the resulting offense level is less than level 12, increase to level 12."

2

USSG § 2B1.1(b)(10) (emphasis added).  The guidelines define subsection (b)(10)(C)'s "sophisticated means" as "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense."  USSG § 2B1.1(b)(10) application note 9(B).

The defendants have argued that the government must establish that there was an aspect of concealment in order for Guideline 2B1.1(b)(10)(C)'s sophisticated-means enhancement to apply.  There are some reasons to think this may be true.  Subsection (C) of Guideline 2B1.1(b)(10), on which the government relies, falls within a guideline that otherwise applies to: (1) defendants who relocate to another jurisdiction to "evade law enforcement or regulatory officials," and (2) international offenses, which also presents impediments to enforcement.  This may suggest that the guideline was designed to target a specific type of sophistication, namely one that poses challenges to criminal or regulatory enforcement.  Similarly, the examples cited in

application note 9(B) are (1) "in a telemarketing scheme, locating the main office of the scheme in one jurisdiction but locating soliciting operations in another jurisdiction"; and (2) "hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts."  These examples may similarly suggest that what matters is the extent to which the crime uses legally or financially complex means to conceal and evade.

Cases interpreting the guidelines also appear to support the defendants' argument that the Guideline 2B1.1(b)(10)(C) enhancement seeks to target conduct that makes enforcement more difficult.  The Eleventh Circuit Court of Appeals has suggestively noted in an unpublished opinion that, "In each case in which we have upheld the application of a sophisticated-means enhancement, the defendant used false identities, fraudulent accounts, or fictitious entities to <u>conceal</u> his participation in the

4

scheme or to <u>execute and conceal</u> the fraudulent transactions." <u>United States v. Mendez</u>, 420 F. App'x 933, 938 (11th Cir. 2011) (emphasis added).  And the Fifth Circuit Court of Appeals recently found clear error in the application of this enhancement, noting that the defendant had "used no false names, fictitious entities, shell companies or complicated financial transactions, or any other particularly sophisticated means to <u>hide or conceal</u> the assets." <u>United States v. Valdez</u>, 726 F.3d 684, 695 (5th Cir. 2013) (emphasis added).  This, the court noted, was in contrast to its previous cases in which it affirmed the application of the enhancement where the defendants had used "some method that made it more difficult for the offense to be detected."  <u>Id</u>. (collecting cases).

The court finds that the record does not reflect an attempt to conceal these offenses from the authorities.  The defendants all signed documents, made representations, and received funds in their own names.

5

While corporations were involved, including overseas corporations in tangential respects, nothing about the involvement of the corporate form suggests the intent or effect of concealing the offense. The same is true of the fact that the conduct involved multiple jurisdictions. None of the circumstances cited by probation and the government, alone or collectively, indicate concealment from the authorities in this case.

However, while it appears that concealment from authorities is at the core of Guideline 2B1.1(b)(10)(C)'s sophisticated-means enhancement, the court need not reach the question of the exact reach of the enhancement. For even if concealment is not a necessary requirement, the enhancement should not apply in this case, for the court rejects the notion that this scheme was "especially complex or especially intricate." USSG § 2B1.1(b)(10) application note 9(B). The guideline is clear: It is not enough for the means used in a scheme to be "complex" or "intricate"; rather, the means must be "especially" so.

6

The definition of "especially" includes "exceptionally" and "particularly."  Webster's Third New International Dictionary (1986).  That is, the level of complexity or intricacy must set that particular scheme apart from ordinary schemes, and even ordinarily complex or intricate schemes.

The reasoning behind this heightened requirement is obvious.  The essence of fraud involves deceit or deception.  See Black's Law Dictionary (9th ed. 2009) (fraud involves a "knowing misrepresentation of the truth or concealment of a material fact").  More likely than not, some complexity will always be required to carry out such deceit.  If the only requirement to apply this enhancement were some complexity, nearly every fraud would qualify.  Therefore, to assure that this guideline does not result in a defendant being punished twice for fraud, the drafters of the guidelines restricted the enhancement to only those schemes that are especially complex or intricate.

The court recognizes that the scheme here involved large sums of money and the use of complex financial instruments, but neither of these circumstances nor any of the circumstances cited by probation or the government, alone or collectively, establishes that the scheme itself was "especially" complex or intricate. Rather, considering all of the circumstances of these crimes, the court finds that the scheme was rather straightforward. At its core, this scheme was essentially a series of unabashed lies, in which, first, Hulse claimed to be a very wealthy man with bonds worth millions of dollars that he could offer as collateral for loans, and Mock and Teers similarly claimed that Hulse was a very wealthy man; and in which, second, Hulse then fraudulently used the loan proceeds for purposes not authorized by the loans. That is, the crux of this case is that the defendants lied to obtain money and then lied about the use of the money. As such, the court is not convinced that this scheme was <u>especially</u> complex,

intricate or anything else.  It just involved an unusually large amount of money, about which the defendants lied.  Since the defendants' offense level already amply reflects their culpability based on the loss amount, the court finds that the circumstances here do not warrant an additional sophisticated-means enhancement.

    DONE, this the 3rd day of December, 2013.

                            /s/ Myron H. Thompson  
                            **UNITED STATES DISTRICT JUDGE**